**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>BISIGNANO,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [2] MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Case No. 2:26-cv-01125-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Plaintiff Nancy Young (Plaintiff) filed a Motion to for Leave to Proceed In Forma Pauperis (IFP) (Motion) (ECF 2). On November 17, 2026, the court ordered Plaintiff to submit a supplement to the Motion that provides the number and age(s) of her children who rely on her or her spouse for support (ECF 6). On November 19, 2026, Plaintiff submitted a supplemental declaration providing additional information about her household size (Supplement) (ECF 7). In the Motion, Plaintiff asserts that she is without sufficient funds to pay the filing fee and asks the court to waive it. For the reasons set for before, the court DENIES Plaintiff's Motion.

## I. DISCUSSION

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of a civil action without payment of the fees for a person who lacks the financial means to pay those fees. 28 U.S.C. § 1915(a)(1). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312. Pursuant to DUCivR 3-2(a)(1), a party must complete

and file a Motion to Proceed In Forma Pauperis to show a financial inability to pay the required fees. *Lister*, 408 F.3d at 1312; *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Proceeding IFP in a civil case "is a privilege, not a right." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the "wide discretion" of the trial court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted).

Based upon the information contained in the Motion, Plaintiff has not demonstrated a credible financial inability to pay the required filing fee. Plaintiff indicates that her spouse earns $120,000 in annual income (ECF 2). When asked to explain why she cannot pay the costs of these proceedings, Plaintiff states that this income goes to "helping our children so they stay off of public assistance" (ECF 2 at 7). In order to obtain further clarification, the court entered an order on November 17, 2016, requiring Plaintiff to supplement her Motion to provide the number and age(s) of the children that rely on her or her spouse for support (ECF 6). On November 16, 2026, Plaintiff submitted her Supplement stating that in addition to herself and her spouse, her household includes her adult son, his wife, and their children (ECF 7). Plaintiff did not include the number of children in her household as ordered by the court. Federal courts use 150% of the Health and Human Services (HHS) Federal Poverty Guidelines to determine eligibility for IFP status. Even assuming that Plaintiff's household includes 5 to 7 individuals, the annual income limit would range from $58,020 to $75,060, which is well below Plaintiff's spouse's reported income of $120,000.

Accordingly, the court concludes that Plaintiff is not entitled to proceed without prepayment of fees. *See, e.g.*, *Lister*, 408 F.3d at 1312 (denying IFP status for failing to provide the court with requisite financial information to assess plaintiff's ability to pay the filing fee).

## II. CONCLUSION AND ORDER

Based upon the foregoing, Plaintiff's Motion is DENIED without prejudice (ECF 2). Plaintiff is ordered to prepay the full filing fee of $405 within 30 days for this action to proceed. Failure to fully pay the filing fee within 30 days after this ORDER will result in dismissal of this action without prejudice.

DATED this 25 November 2026.

Cecilia M. Romero
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah